UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                    NO. CIV. S-10-2644 LKK/DAD

LCL ADMINISTRATORS, INC.,
ELEANOR J. GOOD, and
LORETTA A. MIGLIORI,                 O R D E R

        Defendants.
                           /

    In this case, defendant LCL Administrators and its chief officers are alleged to have failed to file tax forms and pay employment taxes. The government seeks a preliminary injunction requiring compliance by defendants of their obligations under the tax laws. For the foregoing reasons, the motion for preliminary injunction is GRANTED.

## I. Background

    This is a tax enforcement action by the Internal Revenue Service ("IRS") against the defendants. LCL Administrators ("LCL")

1

is a corporation that employs workers, whom it leases out to clients. Defendant Eleanor Good and Loretta Migliori are chief officers of the corporation. As the employer of the leased employees, LCL is obligated to collect, account for, file, and pay employment taxes. The IRS filed this suit on September 29, 2010, following four previous collection actions against LCL. Those previous actions resulted in voluntary partial compliance by LCL and its officers. In the instant action, the United States seeks to reduce federal tax assessments against defendants of at least $2 million to judgment, and to permanently enjoin defendants from failing to file tax returns and failing to make tax payments to the IRS.

On February 11, 2011 the IRS filed a motion for preliminary injunction that would prohibit the defendants from (a) failing to withhold federal income and FICA taxes from employee wages, (b) failing to file timely LCL's corporate income tax returns (Form 1120), quarterly federal employment tax returns (Form 941), and annual federal unemployment tax returns (Form 940) with the IRS, (c) failing to file timely Good's individual income tax returns (Form 1040) with the IRS, (d) failing to make timely federal employment tax deposits and to make federal employment and FUTA tax payments to the IRS, and failing to make timely income tax payments to the IRS. The motion is made pursuant to 26 U.S.C. § 7402(a), which grants district courts jurisdiction to "make and issue in civil actions, writs and orders of injunction, . . . as may be necessary or appropriate for the enforcement of the internal

1  revenue laws." Id.

## II. Standard of Review

When ordering an injunction under the express authority of a federal statute, court need not be restricted by the traditional requirements for equitable relief. A statute that authorizes an injunction to enforce a federal obligation "affects the balance of factors" to be considered as Congress "has decided the order of priorities." U.S. v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174-75 (9th Cir. 1987)(affirming an order of injunction pursuant to the Food, Drug, and Cosmetic Act); See also In Re Dow Corning Corp., 280 F.3d 648, 657-58 (6th Cir. 2002)(finding that bankruptcy court is not confined to traditional equity jurisprudence due to statutory grant of power).

In the present case, the government seeks an injunction pursuant to the court's authority as provided in section 7402(a) of the Internal Revenue Code, which gives district courts jurisdiction to issue injunctions as necessary to enforce internal revenue laws. 26 U.S.C. § 7402(a).

The Ninth Circuit has not provided specific guidance as to the standard for issuing an injunction under section 7402(a), although it has made clear that the provision affords the trial court broad discretion in procedural matters relating to enforcement of tax laws. U.S. v. Asay, 614 F2d 655, 661-62 (9th cir. 1980). In Grupo Mexicano, the Supreme Court distinguished the injunctive power under section 7402(a) from the court's ordinary equitable powers, and also concluded that the "public interest" involved in enforcing

a federal statute would permit the court to "go farther" in ordering equitable relief than in a case where only private interests were involved. <u>Grupo Mexicano de Desarrolo, S.A. v. Alliance Bond Fund Inc.</u>, 527 U.S. 308, 326 (1999). District courts have held accordingly. <u>See</u> <u>U.S. v. Thompson</u>, 395 F. Supp. 2d 941, 945-46 (E.D. Cal. 2005)(finding that the government need only show that an injunction is appropriate for the enforcement of the internal revenue laws, when ordering an injunction under section 7402(a)). <u>But see</u> <u>U.S. v. Cohen</u>, 222 FRD 652, 654 (W.D. Wash. 2004)(requiring a showing of the traditional equity factors before ordering an injunction under section 7402).

Under any interpretation of the court's powers afforded by section 7402(a), the requirements specified in the statute must at least be met. Accordingly, any remedy ordered pursuant to this provision must be "necessary or appropriate for the enforcement of internal revenue laws." 26 U.S.C. § 7402(a).

### III. Analysis

In this case, the government argues that an injunction is necessary because the defendants have violated and continue to violate the tax laws by failing to withhold taxes and comply with filing requirements that apply to employers. The government has submitted declarations of two IRS agents, Dino and Duff, who describe in detail their efforts to collect on unpaid tax liabilities of the defendants. The declarations are supported by evidence, including letters from the IRS to the defendants describing defendants' failure to pay employment taxes, records of

4

1  civil penalties imposed on defendants for failure to pay employment
2  taxes, and notices of federal tax liens.
3      Defendants argue primarily that granting a preliminary
4  injunction would grant the government all of the relief demanded in
5  its complaint. Defendant also argues that because it is winding
6  down its business, injunctive relief is unnecessary as there will
7  be no reports to file or taxes to pay once the business has ceased
8  operations.
9      As to defendants' first argument, the court agrees that an
10 injunction requiring defendants to pay the more than $2 million in
11 alleged tax liabilities is inappropriate, since it would be
12 tantamount to ordering ultimate relief. Although the government's
13 briefing was unclear, at oral argument, the government made clear
14 that the injunction it is seeking is prospective only–the
15 government seeks to prohibit future violations of the tax code.
16 Although the government's proposed order would require the
17 defendants to file returns for previous years, the proposed order
18 does not seek payment of tax liabilities for those years. As such,
19 granting the injunction requested is not tantamount to granting
20 ultimate relief.
21     As to defendants' argument that no injunction is necessary
22 because the defendant is in the process of ceasing operations, the
23 court is unconvinced. Defendant has not yet ceased operations, and
24 if and when it does cease operations so that no filings or payments
25 are required, then the injunction will not pose any burden on
26 defendants.

**IV. Conclusion**

The court orders as follows:

[1] Plaintiff's motion for a preliminary injunction, ECF No. 17 is GRANTED.

[2] The Court ORDERS that the Defendants (individually and doing business under any other name or using any other entity), and their representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with them, are enjoined and restrained from failing to withhold and pay over to the IRS all federal payroll taxes, including federal income withholdings, FICA taxes and FUTA taxes, required by law;

[3] Defendants are ORDERED to file with IRS Revenue Officer Diana Dino (or whomever the IRS may designate in her stead) accurate and timely Employer's Annual Federal Unemployment (FUTA) Tax Returns (Form 940) and Employer's Monthly Federal Tax Returns (Form 941-M) and to send copies of such returns to counsel for the United States at the same time that they file the originals;

[4] Defendants are ORDERED to segregate and hold separate and apart from all other funds, all monies withheld from employees or collected from others for taxes under any internal revenue laws of the United States and to deposit the moneys so withheld and collected in a separate bank account in trust for the United States not later than the same day that the

6

paychecks, for which the moneys are so withheld and collected, are given or made available to the employees. At the time of making such deposit in such separate bank account, Defendants are ordered to send by fax to IRS Revenue Officer Diana Dino at 916-974-5903 a receipt for each employment tax deposit and a completed worksheet showing the calculation for each deposit;

[5] Defendants are ORDERED to file with IRS Revenue Officer Diana Dino complete and accurate corporate income tax returns (Form 1120) for LCL for tax years 2008 and 2009 within ninety (90) days from the date this preliminary injunction is issued and to send copies of such returns to counsel for the United States at the same time that they file the originals;

[6] Defendants are ORDERED to file with the IRS accurate and timely corporation income tax returns (Form 1120) for LCL as they become due, and to send copies of such returns to counsel for the United States and IRS Revenue Officer Diana Dino at the same time that they file the originals;

[7] Defendant Eleanor J. Good is ORDERED to file with IRS Revenue Officer Diana Dino complete and accurate individual income tax returns (Forms 1040) for all tax years after 2000 within ninety (90) days from the date this preliminary injunction is issued, to file subsequent income tax returns with the IRS as they become due, to

pay the tax reflected in those returns, and to send copies of such returns to counsel for the United States and IRS Revenue Officer Diana Dino at the same time that she files the originals;

[8] Defendants (individually and doing business under any other name or using any other entity), and their representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with them, are ENJOINED and restrained from transferring any money or property to any other entity in order to have the salaries or wages of the Defendants' employees paid by the transferee entity;

[9] Further, the Court ORDERS that Defendants (individually and doing business under any other name or using any other entity), and their representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with them, are ENJOINED and restrained from assigning or transferring any property or property rights, or making any disbursements for any purpose from the date this preliminary injunction is issued until all federal employment taxes, (including federal income withholdings and FICA taxes), FUTA taxes, and federal income taxes that accrue after this preliminary injunction is issued are paid to the IRS;

[10] Eleanor J. Good, Loretta A. Migliori, and every other person authorized to sign checks or otherwise make

disbursements for LCL, are ORDERED to file with IRS Revenue Officer Diana Dino a statement within fourteen (14) days of the date this preliminary injunction is issued to the effect that

    (a) they have read the preliminary injunction issued by this Court,

    (b) each pay period, they will personally determine that all federal payroll taxes, including federal income withholdings, FICA taxes and FUTA taxes, for each pay period after the date this preliminary injunction is issued have been fully paid to the IRS by certified or cashier's check prior to signing checks or otherwise disbursing funds, and

    (c) they will not assign or transfer any funds, property or rights of property of LCL after the date that this preliminary injunction is issued unless all federal payroll taxes, including federal income withholdings, FICA taxes and FUTA taxes, for every pay period since the date this preliminary injunction is issued have been paid to the IRS.

IT IS SO ORDERED.

DATED: March 17, 2011.

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT