1
2
3
4
5
6
7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,

11          Plaintiff,                    No. CIV S-10-2644 LKK DAD

12      v.

13  LCL ADMINISTRATORS, INC.,
    ELEANOR J. GOOD, and
14  LORETTA A. MIGLIORI,

15          Defendants.                   <u>ORDER</u>

16  _____/

17          This case came before the court on April 22, 2011, for hearing of plaintiff's

18  motion to compel initial disclosures and for sanctions (Doc. No. 23).  Adair Ford Boroughs, Esq.

19  appeared for plaintiff.  Matthew D. Pearson, Esq. appeared for defendants.

20          Plaintiff's counsel advised the court that defendants' initial disclosures were

21  provided to her 45 minutes prior to the scheduled hearing time, rendering the motion to compel

22  moot.  Plaintiff requested costs for bringing the motion.  The court directed counsel to file a

23  declaration in support of costs, and such a declaration was timely filed on April 26, 2011.

24          "If a party fails to make a disclosure required by Rule 26(a), any other party may

25  move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  "If the

26  motion is granted – or if the disclosure . . . is provided after the motion was filed – the court

                                          1

must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney fees." Fed. R. Civ. P. 37(a)(5)(A).

Here, the motion to compel reflects that plaintiff attempted in good faith to obtain defendants' initial disclosures before filing a motion to compel them. See Pl.'s Mot. to Compel (Doc. No. 23) at 2; Fed. R. Civ. P. 37(a)(5)(A)(i). Defendants did not file written opposition to plaintiff's motion and acknowledged at the hearing that the initial disclosures were long overdue. Counsel's vague reference to "a breakdown on our end" does not constitute substantial justification for the delay. See Fed. R. Civ. P. 37(a)(5)(A)(ii). The court finds no other circumstance that makes an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii).

The Declaration of Adair Boroughs (Doc. No. 26) documents motion-related costs of $703.16. This amount includes $356.00 for two hours of attorney time at $178 per hour. The rate is the $125.00 rate authorized in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A), as adjusted for inflation. The amount also includes $347.16 for travel costs, which plaintiff apportioned among the hearing on the motion to compel and three depositions taken during the three days that preceded the motion hearing. The travel costs are comprised of one fourth of the cost of airfare from Washington, D.C. ($105.20), one fourth of the hotel expense ($115.47), one fourth of the car rental ($53.49), parking at the courthouse on the day of the hearing ($12.00), and one day of per diem ($61.00). However, as indicated at the hearing, the undersigned declines to award travel costs in light of the fact that plaintiff's counsel could have appeared telephonically for hearing of the unopposed motion and because counsel's travel was apparently necessitated, in part, by other scheduled hearings and depositions.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's unopposed motion to compel initial disclosures and for sanctions (Doc. No. 23) is denied as moot with regard to the motion to compel and granted as to the motion for sanctions;

      2. Defendants and their attorney shall pay to the United States a total of $356.00 in attorney fees for the time spent preparing the motion and attending the hearing on April 22, 2011; and

      3. Defendants and their attorney shall send a cashier's check payable to the United States Treasury, for $356.00, to the U.S. Department of Justice, Tax Division, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044, within 14 days after this order is filed.

DATED: June 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/usvLCL2644.oah.mtc.042211