UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       NO. CIV. S-10-2644 LKK/DAD

      Plaintiff,

    v.

               O R D E R

LCL ADMINISTRATORS, INC.,
ELEANOR J. GOOD, and LORETTA A.
MIGLIORI,

      Defendants.

_____/

The United States brought this tax enforcement action against the defendants LCL Administrators, Eleanor Good, and Loretta Migliori. It now moves for the defendants to be held in contempt of court for failing to comply with a preliminary injunction issued by this court on March 18, 2011. For the reasons stated below, the motion for contempt is GRANTED in part.

## I. Background

LCL Administrators ("LCL") is a corporation that employs workers, whom it leases out to clients. Defendant Eleanor Good and Loretta Migliori are the chief officers of the corporation. As the

1

employer of the leased employees, LCL is obligated to collect, account for, file, and pay employment taxes. The Government filed this suit on September 29, 2010, following four previous collection actions against LCL. Those previous actions resulted in voluntary partial compliance by LCL and its officers. In the instant action, the United States seeks to reduce federal tax assessments against defendants of at least $2 million to judgment, and to permanently enjoin defendants from failing to file tax returns and failing to make tax payments to the Internal Revenue Service.

On February 11, 2011, the government filed a motion for a preliminary injunction that would require plaintiffs to timely file various tax forms and withhold federal employment taxes. Defendants opposed the motion, stating that injunctive relief would be unnecessary because defendants were winding down their business and there would be no reports to file or taxes to pay once the business has ceased operations.

On March 18, 2011, this court issued a preliminary injunction requiring defendants to:

> 1. File a statement within 14 days confirming they have read the order (Order 9: 1-6);
>
> 2. Withhold and pay over to the IRS all federal payroll taxes required by law, including FICA and FUTA taxes (Order 6: 5-12);
>
> 3. Timely and accurately file Forms 940 and 941-M with IRS Revenue Officer Diana Dino or her designee, and send copies of the forms to the counsel representing the

United States in this case. (Order 6: 13-19);

4. Place employee tax withholdings in a separate bank account in trust for the United States the same day that paychecks are given to employees (Order 6: 20-26; 7: 1-7);

5. Fax Officer Dino each employment tax deposit and worksheet deposited into the separate account above (Id.);

6. Within 90 days, file Form 1120 for the tax years 2008 and 2009 (Order 7: 8-14);

7. File Form 1120 as each corporation income tax return becomes due, sending copies to Officer Dino and the counsel for the United States (Order 7: 15-20);

8. Be restrained themselves and  any agent from transferring money or property to another entity in order to have that entity pay the salaries or wages of LCL's employees (Order 8: 8-14);

9. Be restrained themselves and any agent from making any disbursements for any purposes until LCL pays the IRS all federal employment taxes and income withholdings that accrue after the preliminary injunction (Order 8: 13-25);

10. Within 90 days, file an individual income tax return Form 1040 for Eleanor J. Good for all tax years after the year 2000, sending copies of the return to Officer Dino and counsel for the United States at the same time

1    as the originals are filed (Order 7: 21-26, 8: 1-4); and

2    11. Require Eleanor J. Good to file subsequent

3    individual income tax returns with the IRS as they

4    become due after the preliminary injunction is issued,

5    sending copies to for Officer Dino and counsel for the

6    United States at the same time as the originals are

7    filed (Id.).

8    This is the second contempt motion that alleges noncompliance

9    with the preliminary injunction. The first, filed on May 26, 2011,

10   was withdrawn by the government because it appeared that the

11   defendants had taken some steps to come into compliance with the

12   injunction. See ECF No. 36.

13   In the instant motion for contempt, the government initially

14   sought a contempt finding on the basis of defendants' failure to

15   file a statement that they would comply with the preliminary

16   injunction, their failure to file Form 1120 for 2008 and 2009, and

17   defendant Goode's failure to file Form 1040 for the years 2000 to

18   2009. In its reply brief, the government indicated that the

19   defendants had filed a signed compliance statement, albeit four

20   months after it was due. Reply 3, ECF No. 44.

21                          **II. Standards**

22   A court has the inherent power to enforce its orders

23   through civil contempt. Shillitani v. United States, 384 U.S.

24   364, 370 (1966). The party moving for contempt has the burden of

25   showing by clear and convincing evidence that the alleged

26   contemnors violated a specific and definite order of the court.

4

1   The burden then shifts to the contemnors to demonstrate why they

2   were unable to comply. Stone v. City and County of San

3   Francisco, 968 F.2d 850, 856 n. 9 (9th Cir. 1992).

4                          **III. Analysis**

5      Plaintiff asserts that a contempt ruling is warranted

6   because: (1) defendants failed to file Form 1120 for 2008 and

7   2009; and (2) Defendant Goode failed to file her Form 1040 for

8   tax years 2000 to 2009.[1]

9      Contempt power is inherent in Article III courts. See e.g.,

10   Michaelson v. United States ex rel. Chicago, St. P., M., & O. R.

11   Co., 266 U.S. 42, 65-66 (1924) ("That the power to punish for

12   contempts is inherent in all courts, has been many times decided

13   and may be regarded as settled law. It is essential to the

14   administration of justice."); In re Sequoia Auto Brokers LTD,

15   Inc., 827 F.2d 1281 (9th Cir. 1987)("The contempt power is

16   inherent in article III courts, and not dependent on

17   Congressional authorization."). "A court has power to adjudge in

18   civil contempt any person who willfully disobeys a specific and

19   definite order requiring him to do or to refrain from doing an

20   act." Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir.

21   1983). It is not necessary to find that the person willfully or

22   intentionally disobeyed the order. Rather, the only issue is

23

24      [1] As noted earlier, by the time plaintiff's reply brief was
filed, defendants did submit a signed compliance statement as
25 required by the preliminary injunction. The court will therefore
not address plaintiff's original contention that defendants should
26 be held in contempt for failing to do so.

1  whether a party has complied or taken all reasonable steps

2  within his power to comply with the district court's order.

3  <u>Stone</u>, 968 F.2d at 856; <u>United States v. Cingolani</u>, 1993 U.S.

4  Dist. LEXIS 18945 5 (N.D. Cal. 1993).

5      Civil contempt is a remedial punishment, and is for the

6  benefit of the complainant, whereas criminal contempt is a

7  punitive measure to vindicate the court's authority. <u>Gompers v.</u>

8  <u>Bucks</u>, 221 U.S. 418, 441 (1911). <u>See also</u> <u>In re Sequoia</u> at 827

9  F.2d 1283 ("Civil contempt is a refusal to do an act the court

10 has ordered for the benefit of a party; the sentence is

11 remedial. Criminal contempt is a completed act of disobedience;

12 the sentence is punitive to vindicate the authority of the

13 court".) While imprisonment can be ordered in both civil and

14 criminal contempt cases, it serves two different purposes. In

15 civil cases, imprisonment is remedial, and is ordered to coerce

16 the party to do an affirmative act required by court order. Once

17 the party complies with the court order, he may be released. By

18 contrast, in criminal contempt proceedings, imprisonment is

19 punitive, rather than remedial. It is "punishment for the

20 completed act of disobedience," and "the defendant cannot

21 shorten the term by promising not to repeat the offense."

22 <u>Gompers</u> 221 U.S. at 443.

23 **A. Defendants' Failure to File Form 1120 for 2008 and 2009**

24 **(Requirement 5 of the Preliminary Injunction)**

25     The March Order required defendants "to file with IRS

26 Revenue Officer Diana Dino complete and accurate corporate

6

1   income tax returns (Form 1120) for LCL for tax years 2008 and
2   2009 within ninety (90) days from the date this preliminary
3   injunction is issued and to send copies of such returns to
4   counsel for the United States at the same time that they file
5   the originals." Order at 7, ECF No. 21. The ninety-day period
6   for complying with this provision of the injunction has expired,
7   and defendants have not complied. <u>See</u> Kusko Decl. ¶ 4.

8        Defendants state that LCL's records have been transmitted
9   to a Certified Public Accountant for preparation of final 1120
10  forms. In their opposition to the contempt motion, defendants
11  assert that the records were transmitted on June 30, 2011 and
12  that the final returns would be available on August 29, 2011.
13  Def.s' Opp'n 3, ECF No. 40. Presumably, defendants believe
14  transmission of the forms to their accountant constitutes "all
15  reasonable steps within [their] power to comply" with the
16  injunction. <u>See</u> <u>Stone</u>, 968 F.2d at 856. At the hearing held on
17  this motion on August 29, 2011, defendants represented to the
18  court that it would take another thirty days for the accountant
19  to complete and submit the tax returns.

20       Because the defendants never sought modification of the
21  order it appears that the defendants are in CONTEMPT of court
22  for failing to file their 1120 forms within the time period
23  prescribed in the preliminary injunction.

24  **B. Defendant Good's failure to file her Form 1040 for tax years**
25  **2000 to 2009 (Requirement 7 of the Preliminary Injunction)**

26       Internal Revenue Officer Diana Dino declares that defendant

7

1  Good has not filed a Form 1040 Individual Income Tax Return for
2  years 2000 to 2009, which the court's injunction required to be
3  filed by June 16, 2011. Dino Decl. ¶ 6. Plaintiff has also
4  submitted copies of letters dated June 23, 2011 and July 19,
5  2011, which indicate that the returns had not been filed.
6  Defendants' opposition brief states that "defendant Good has
7  transmitted all of her Form 1040 Tax Returns," and defendants'
8  counsel stated in a declaration that he "transmitted all of
9  Defendant Good's tax returns to plaintiff's counsel." Pearson
10 Decl. ¶ 2. Defendant did not, however, submit a copy of those
11 forms or any other evidence of the transmission to the court.
12      The court ADJUDGES Defendant Good in contempt of court for
13 failure to comply with the March 18, 2011 preliminary
14 injunction's requirement that she file an individual income tax
15 return Form 1040 for all tax years after the year 2000, and
16 submit a copy to Officer Dino.
17 **D. Compensatory Sanctions**
18      Compensatory sanctions are paid to the party moving for
19 contempt to compensate for injuries resulting from the contempt.
20 General Signal v. Donallco, 787 F.2d 1376, 1380 (9th Cir. 1986),
21 quoting United Mine Workers, 330 U.S. at 305. The amount of
22 compensatory sanctions is determined by the actual costs
23 incurred by the moving party. Id.
24      The United States seeks compensatory sanctions equal to the
25 amount incurred in costs to bring this motion for contempt and
26 attending the contempt hearing. Plaintiff's motion for

1  compensatory sanctions is GRANTED. Plaintiff SHALL submit a

2  statement of costs incurred to bring this motion, including the

3  cost for attending and preparing for the hearing. The statement

4  SHALL be submitted within ten (10) days of the issuance of this

5  order. Defendants MAY file an objection to the amount requested

6  within ten (10) days of the filing of plaintiff's statement of

7  costs.

8  **IV. Conclusion**

9      For the foregoing reasons, the court ORDERS as follows:

10         [1] Defendants Migliori and Good are ADJUDGED in

11         CONTEMPT of court for failing to file Form 1120 for

12         the tax years 2008 and 2009, as required by

13         Requirement 5 of the court's March Preliminary

14         Injunction.

15         [2] Defendant GOOD is ADJUDGED to be contempt of court

16         for failure to comply with Requirement 7 of the March

17         Preliminary Injunction.

18         [3] Enforcement of this contempt finding is hereby

19         STAYED thirty (30) days. The contempt finding will be

20         dissolved upon a showing by defendants of compliance

21         with Requirements 5 and 7 of the preliminary

22         injunction order as discussed above. Defendants may

23         seek a further stay of enforcement upon a showing of a

24         reasonable excuse for non-compliance. Defendants are

25         admonished, however, that in the court's view that

26         defendants have had ample time to comply with the

1    order, and a further stay of enforcement of the

2    contempt finding will not be granted lightly.

3    4) Defendants Good and Migliori are ORDERED to appear

4    before the court at a specially set hearing on October

5    4, 2011 at 1:30 p.m. If at that time defendants are

6    not in compliance with this order, defendants will be

7    remanded to the custody of the United States Marshall

8    Service to be held in confinement until further order

9    of this court.

10   [5] Plaintiff's motion for compensatory sanctions is

11   GRANTED. Plaintiff SHALL submit a statement of costs

12   incurred to bring this motion, including the cost for

13   attending and preparing for the hearing. The statement

14   SHALL be submitted within ten (10)days of the issuance

15   of this order. Defendants MAY file an objection to the

16   amount requested within ten (10) days of the filing of

17   plaintiff's statement of costs.

18   IT IS SO ORDERED.

19   DATED:  August 31, 2011.

20

21

22   LAWRENCE K. KARLTON

23   SENIOR JUDGE
     UNITED STATES DISTRICT COURT

24

25

26