UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LCL ADMINISTRATORS, INC., ELEANOR J. GOOD, and LORETTA A. MIGLIORI,

        Defendants.
_____/

NO. CIV. S-10-2644 LKK/DAD

O R D E R

The United States brought this tax enforcement action against the defendants LCL Administrators, Eleanor Good, and Loretta Migliori. It now moves for the defendants to be held in contempt of court for failing to comply with a preliminary injunction issued by this court on March 18, 2011. For the reasons stated below, the motion for contempt is GRANTED in part.

## I. Background

LCL Administrators ("LCL") is a corporation that employs workers, whom it leases out to clients. Defendant Eleanor Good and Loretta Migliori are the chief officers of the corporation. As the

1

employer of the leased employees, LCL is obligated to collect, account for, file, and pay employment taxes. The Government filed this suit on September 29, 2010, following four previous collection actions against LCL. Those previous actions resulted in voluntary partial compliance by LCL and its officers. In the instant action, the United States seeks to reduce federal tax assessments against defendants of at least $2 million to judgment, and to permanently enjoin defendants from failing to file tax returns and failing to make tax payments to the Internal Revenue Service.

On February 11, 2011, the government filed a motion for a preliminary injunction that would require plaintiffs to timely file various tax forms and withhold federal employment taxes. Defendants opposed the motion, stating that injunctive relief would be unnecessary because defendants were winding down their business and there would be no reports to file or taxes to pay once the business has ceased operations.

On March 18, 2011, this court issued a preliminary injunction requiring defendants to:

>    1. File a statement within 14 days confirming they have read the order (Order 9: 1-6);
>    2. Withhold and pay over to the IRS all federal payroll taxes required by law, including FICA and FUTA taxes (Order 6: 5-12);
>    3. Timely and accurately file Forms 940 and 941-M with IRS Revenue Officer Diana Dino or her designee, and send copies of the forms to the counsel representing the

United States in this case. (Order 6: 13-19);

4. Place employee tax withholdings in a separate bank account in trust for the United States the same day that paychecks are given to employees (Order 6: 20-26; 7: 1-7);

5. Fax Officer Dino each employment tax deposit and worksheet deposited into the separate account above (Id.);

6. Within 90 days, file Form 1120 for the tax years 2008 and 2009 (Order 7: 8-14);

7. File Form 1120 as each corporation income tax return becomes due, sending copies to Officer Dino and the counsel for the United States (Order 7: 15-20);

8. Be restrained themselves and any agent from transferring money or property to another entity in order to have that entity pay the salaries or wages of LCL's employees (Order 8: 8-14);

9. Be restrained themselves and any agent from making any disbursements for any purposes until LCL pays the IRS all federal employment taxes and income withholdings that accrue after the preliminary injunction (Order 8: 13-25);

10. Within 90 days, file an individual income tax return Form 1040 for Eleanor J. Good for all tax years after the year 2000, sending copies of the return to Officer Dino and counsel for the United States at the same time

3

        as the originals are filed (Order 7: 21-26, 8: 1-4); and

        11. Require Eleanor J. Good to file subsequent individual income tax returns with the IRS as they become due after the preliminary injunction is issued, sending copies to for Officer Dino and counsel for the United States at the same time as the originals are filed (Id.).

This is the second contempt motion that alleges noncompliance with the preliminary injunction. The first, filed on May 26, 2011, was withdrawn by the government because it appeared that the defendants had taken some steps to come into compliance with the injunction. See ECF No. 36.

In the instant motion for contempt, the government initially sought a contempt finding on the basis of defendants' failure to file a statement that they would comply with the preliminary injunction, their failure to file Form 1120 for 2008 and 2009, and defendant Goode's failure to file Form 1040 for the years 2000 to 2009. In its reply brief, the government indicated that the defendants had filed a signed compliance statement, albeit four months after it was due. Reply 3, ECF No. 44.

## II. Standards

A court has the inherent power to enforce its orders through civil contempt. Shillitani v. United States, 384 U.S. 364, 370 (1966). The party moving for contempt has the burden of showing by clear and convincing evidence that the alleged contemnors violated a specific and definite order of the court.

The burden then shifts to the contemnors to demonstrate why they were unable to comply. Stone v. City and County of San Francisco, 968 F.2d 850, 856 n. 9 (9th Cir. 1992).

### III. Analysis

Plaintiff asserts that a contempt ruling is warranted because: (1) defendants failed to file Form 1120 for 2008 and 2009; and (2) Defendant Goode failed to file her Form 1040 for tax years 2000 to 2009.[1]

Contempt power is inherent in Article III courts. See e.g., Michaelson v. United States ex rel. Chicago, St. P., M., & O. R. Co., 266 U.S. 42, 65-66 (1924) ("That the power to punish for contempts is inherent in all courts, has been many times decided and may be regarded as settled law. It is essential to the administration of justice."); In re Sequoia Auto Brokers LTD, Inc., 827 F.2d 1281 (9th Cir. 1987)("The contempt power is inherent in article III courts, and not dependent on Congressional authorization."). "A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir. 1983). It is not necessary to find that the person willfully or intentionally disobeyed the order. Rather, the only issue is

---

[1] As noted earlier, by the time plaintiff's reply brief was filed, defendants did submit a signed compliance statement as required by the preliminary injunction. The court will therefore not address plaintiff's original contention that defendants should be held in contempt for failing to do so.

5

whether a party has complied or taken all reasonable steps within his power to comply with the district court's order. Stone, 968 F.2d at 856; United States v. Cingolani, 1993 U.S. Dist. LEXIS 18945 5 (N.D. Cal. 1993).

Civil contempt is a remedial punishment, and is for the benefit of the complainant, whereas criminal contempt is a punitive measure to vindicate the court's authority. Gompers v. Bucks, 221 U.S. 418, 441 (1911). See also In re Sequoia at 827 F.2d 1283 ("Civil contempt is a refusal to do an act the court has ordered for the benefit of a party; the sentence is remedial. Criminal contempt is a completed act of disobedience; the sentence is punitive to vindicate the authority of the court".) While imprisonment can be ordered in both civil and criminal contempt cases, it serves two different purposes. In civil cases, imprisonment is remedial, and is ordered to coerce the party to do an affirmative act required by court order. Once the party complies with the court order, he may be released. By contrast, in criminal contempt proceedings, imprisonment is punitive, rather than remedial. It is "punishment for the completed act of disobedience," and "the defendant cannot shorten the term by promising not to repeat the offense." Gompers 221 U.S. at 443.

**A. Defendants' Failure to File Form 1120 for 2008 and 2009 (Requirement 5 of the Preliminary Injunction)**

The March Order required defendants "to file with IRS Revenue Officer Diana Dino complete and accurate corporate

6

income tax returns (Form 1120) for LCL for tax years 2008 and 2009 within ninety (90) days from the date this preliminary injunction is issued and to send copies of such returns to counsel for the United States at the same time that they file the originals." Order at 7, ECF No. 21. The ninety-day period for complying with this provision of the injunction has expired, and defendants have not complied. See Kusko Decl. ¶ 4.

Defendants state that LCL's records have been transmitted to a Certified Public Accountant for preparation of final 1120 forms. In their opposition to the contempt motion, defendants assert that the records were transmitted on June 30, 2011 and that the final returns would be available on August 29, 2011. Def.s' Opp'n 3, ECF No. 40. Presumably, defendants believe transmission of the forms to their accountant constitutes "all reasonable steps within [their] power to comply" with the injunction. See Stone, 968 F.2d at 856. At the hearing held on this motion on August 29, 2011, defendants represented to the court that it would take another thirty days for the accountant to complete and submit the tax returns.

Because the defendants never sought modification of the order it appears that the defendants are in CONTEMPT of court for failing to file their 1120 forms within the time period prescribed in the preliminary injunction.

**B. Defendant Good's failure to file her Form 1040 for tax years 2000 to 2009 (Requirement 7 of the Preliminary Injunction)**

Internal Revenue Officer Diana Dino declares that defendant

Good has not filed a Form 1040 Individual Income Tax Return for years 2000 to 2009, which the court's injunction required to be filed by June 16, 2011. Dino Decl. ¶ 6. Plaintiff has also submitted copies of letters dated June 23, 2011 and July 19, 2011, which indicate that the returns had not been filed. Defendants' opposition brief states that "defendant Good has transmitted all of her Form 1040 Tax Returns," and defendants' counsel stated in a declaration that he "transmitted all of Defendant Good's tax returns to plaintiff's counsel." Pearson Decl. ¶ 2. Defendant did not, however, submit a copy of those forms or any other evidence of the transmission to the court.

The court ADJUDGES Defendant Good in contempt of court for failure to comply with the March 18, 2011 preliminary injunction's requirement that she file an individual income tax return Form 1040 for all tax years after the year 2000, and submit a copy to Officer Dino.

**D. Compensatory Sanctions**

Compensatory sanctions are paid to the party moving for contempt to compensate for injuries resulting from the contempt. General Signal v. Donallco, 787 F.2d 1376, 1380 (9th Cir. 1986), quoting United Mine Workers, 330 U.S. at 305. The amount of compensatory sanctions is determined by the actual costs incurred by the moving party. Id.

The United States seeks compensatory sanctions equal to the amount incurred in costs to bring this motion for contempt and attending the contempt hearing. Plaintiff's motion for

8

compensatory sanctions is GRANTED. Plaintiff SHALL submit a statement of costs incurred to bring this motion, including the cost for attending and preparing for the hearing. The statement SHALL be submitted within ten (10) days of the issuance of this order. Defendants MAY file an objection to the amount requested within ten (10) days of the filing of plaintiff's statement of costs.

## IV. Conclusion

For the foregoing reasons, the court ORDERS as follows:

    [1] Defendants Migliori and Good are ADJUDGED in CONTEMPT of court for failing to file Form 1120 for the tax years 2008 and 2009, as required by Requirement 5 of the court's March Preliminary Injunction.

    [2] Defendant GOOD is ADJUDGED to be contempt of court for failure to comply with Requirement 7 of the March Preliminary Injunction.

    [3] Enforcement of this contempt finding is hereby STAYED thirty (30) days. The contempt finding will be dissolved upon a showing by defendants of compliance with Requirements 5 and 7 of the preliminary injunction order as discussed above. Defendants may seek a further stay of enforcement upon a showing of a reasonable excuse for non-compliance. Defendants are admonished, however, that in the court's view that defendants have had ample time to comply with the

1       order, and a further stay of enforcement of the
2       contempt finding will not be granted lightly.
3       4) Defendants Good and Migliori are ORDERED to appear
4       before the court at a specially set hearing on October
5       4, 2011 at 1:30 p.m. If at that time defendants are
6       not in compliance with this order, defendants will be
7       remanded to the custody of the United States Marshall
8       Service to be held in confinement until further order
9       of this court.
10      [5] Plaintiff's motion for compensatory sanctions is
11      GRANTED. Plaintiff SHALL submit a statement of costs
12      incurred to bring this motion, including the cost for
13      attending and preparing for the hearing. The statement
14      SHALL be submitted within ten (10)days of the issuance
15      of this order. Defendants MAY file an objection to the
16      amount requested within ten (10) days of the filing of
17      plaintiff's statement of costs.
18   IT IS SO ORDERED.
19   DATED: August 31, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT