1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    No. CIV S-10-2644 LKK DAD

12      v.

13   LCL ADMINISTRATORS, INC.,
     ELEANOR J. GOOD, and
14   LORETTA A. MIGLIORI,

15          Defendants.                   ORDER

16   _____/

17          This case came before the court on September 2, 2011, for hearing on plaintiff's

18   motion for sanctions and expenses (Doc. No. 42).[1]  Attorneys Adair Ford Boroughs and Boris

19   Kukso appeared telephonically for plaintiff.  Matthew D. Pearson, Esq. appeared for defendants..

20          Upon consideration of the parties' briefs on file, their arguments at the hearing,

21   and the entire file, the court granted plaintiff's motion for sanctions and awarded plaintiff's

22   attorney fees in the amount requested in the motion, as modified in open court.

23   _____

24          [1]  Plaintiff's motion to compel written discovery and for sanctions (Doc. No. 41) was set
     for hearing together with plaintiff's motion for sanctions and expenses (Doc. No. 42) on
25   September 2, 2011, but plaintiff withdrew the motion to compel without prejudice upon
     defendants' belated service of responses to interrogatories, agreement to inspection of documents
26   on September 20, 2011, and agreement to pay attorney's fees of $445.00.

                                              1

1    Plaintiff's motion for sanctions reflects that plaintiff attempted in good faith to

2 obtain defendants' compliance with this court's order filed June 15, 2011, by which defendants

3 were required to serve responses within 14 days to plaintiff's first sets of interrogatories and to

4 provide plaintiff within 7 days with the locations of all documents responsive to plaintiff's first

5 requests for productions of documents.  Defendants failed to demonstrate substantial justification

6 for failing to comply with the court's order, and the court found no circumstance that makes an

7 award of expenses unjust.  Accordingly, plaintiff has been awarded $1,958.00 for eleven hours of

8 attorney time at the inflation-adjusted EAJA rate of $178.00 per hour.  See Fed. R. Civ. P.

9 37(a)(5)(A) ("If the motion is granted . . . the court must, after giving an opportunity to be heard,

10 require the party . . . whose conduct necessitated the motion, the party or attorney advising that

11 conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

12 including attorney fees.").

13    Good cause appearing, IT IS ORDERED that:

14    1.  The docket shall reflect that plaintiff's motion to compel written discovery and

15 for sanctions (Doc. No. 41) was terminated by plaintiff's withdrawal of the motion on September

16 2, 2011 (Doc. No. 53);

17    2.  Plaintiff's motion for  sanctions and expenses (Doc. No. 42) is granted;

18    3.  Defendants and their attorney shall pay to the United States a total of

19 $1,958.00 for plaintiff's reasonable expenses of making its motion for sanctions as a result of

20 defendants' failure to comply with the court's June 15, 2011 orders;

21    4.  Defendants and their attorney shall send a cashier's check payable to the

22 United States Treasury, for $1,958.00, to the U.S. Department of Justice, Tax Division, P.O. Box

23 310, Ben Franklin Station, Washington, D.C. 20044, within 30 days after September 2, 2011;

24    5.  In light of the repeated failure of defendants to cooperate with the discovery

25 process, defendants have been cautioned for the second time that any future failure to comply

26 /////

with applicable discovery rules, orders, and the parties' own agreements may result in the

imposition of even more severe sanctions than those awarded to date.

DATED: September 2, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/usvLCL2644.oah.mot.sanctions.090211