UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          NO. CIV. S-10-2644 LKK/DAD

    Plaintiff,

  v.

          O R D E R

LCL ADMINISTRATORS, INC.,
ELEANOR J. GOOD, and LORETTA A.
MIGLIORI,

    Defendants.
_____/

    Pending before the court is a Motion for Summary Judgment and a Motion for a Permanent Injunction, and a Motion to Strike the Jury Demand by plaintiff United States. Defendants have not filed an opposition or statement of non-opposition, and the time for doing so has expired.

    In support of its summary judgment motion, plaintiff has filed copies of federal tax forms filed by LCL with the Internal Revenue Service ("IRS") for fourteen quarters for the years 2005 through 2009. In addition, the IRS has submitted its own estimate for taxes due for quarters for which LCL did not submit tax forms. Plaintiff

1

has also submitted certificates of assessments and other records documenting defendants' tax obligations and failure to pay those obligations.[1] In total, plaintiff has demonstrated that defendant LCL owes $2,130,926.19 in taxes. This amount may increase until paid, due to interest accrual and other statutory additions.

Plaintiff has shown that defendant Eleanor J. Good is indebted to the United States for the unpaid balance of the Trust Fund Recovery Penalties under 26 U.S.C. § 6672 in the amount of $688,014.09, plus interest and other statutory additions, as provided by 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid.

Plaintiff has shown that Loretta A. Migliori is indebted to the United States for the unpaid balance of the Trust Fund Recovery Penalties under 26 U.S.C. § 6672 in the amount of $691,311.37, plus interest and other statutory additions, as provided by 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid.

Defendants have filed no opposition to the pending motions and have filed no evidence of their own. In addition, defendants did not respond to two sets of requests for admission, served on defendants on Match 18, 2011 and April 14, 2011 respectively.

Accordingly, the court ORDERS as follows:

[1] Plaintiff's motion for summary judgment, ECF No. 65 is GRANTED.

---

[1] Plaintiff submitted 85 exhibits to the court in support of summary judgment.

2

1  [2] Plaintiff's motion for a permanent injunction, ECF
2  No. 64 is GRANTED.
3  [3] Plaintiff's motion to strike defendant's jury
4  demand, ECF No. 62 is DENIED as MOOT.
5  [4] The Defendants, individually and doing business
6  under any other name or using any other entity, and
7  their representatives, agents, servants, employees,
8  attorneys, and anyone in active concert or participation
9  with them, are ENJOINED AND RESTRAINED from failing to
10 withhold and pay over to the IRS all employment taxes,
11 including federal income, FICA, and FUTA taxes, required
12 by law;
13 [5]  The Defendants are ORDERED to file accurate and
14 timely federal employment and unemployment tax returns
15 (Forms 940 and 941) as they become due;
16 [6] The Defendants (individually and doing business
17 under any other name or using any other
18 entity), are ORDERED to segregate and hold separate and
19 apart from all other funds, all monies withheld from
20 employees or collected from others for taxes under any
21 internal revenue laws of the United States and to
22 deposit the moneys so withheld and collected in a
23 separate bank account in trust for the United States not
24 later than the same day that the paychecks, for which
25 the moneys are so withheld and collected, are given or
26 made available to the employees;

[7] The Defendants are ORDERED to file accurate and timely corporation income tax returns (Form 1120) for LCL as they become due;

[8] Defendant Eleanor J. Good is ORDERED to file complete and accurate individual income tax returns (Forms 1040) as they become due;

[9] The Defendants, and their representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with them, are ENJOINED AND RESTRAINED from transferring any money or property to any other entity in order to have the salaries or wages of the Defendants' employees paid by the transferee entity.

[10] The Defendants, and their representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with them, are ENJOINED AND RESTRAINED from assigning or transferring any property or property rights or making any disbursements for any purpose from the date this permanent injunction is issued until the employment tax liabilities, including federal income and FICA taxes, that accrue after the injunction date are paid to the IRS.

[11] The hearing on plaintiff's motions currently set for December 19, 2011 is VACATED.

IT IS SO ORDERED.

DATED: December 15, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT